UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 3:96-CR-0185(RNC) |
| | : | 3:01-CV-1893(RNC) |
| MARKOS PAPPAS | : | |
| | : | |

RULING AND ORDER

Defendant Markos Pappas moves for reconsideration of the order of July 7, 2017 [ECF No. 606], which denied his Rule 60(b) motion for relief from the order of December 13, 2006 [ECF 411] denying his motion to vacate or correct his sentence under 28 U.S.C. § 2255.[1] Alternatively, he moves for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). For reasons that follow, the motions are denied.

I. Background

In 1997, following a jury trial, Pappas was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, as charged in count one of the indictment; conspiracy to retaliate against a witness, 18 U.S.C. § 371, as charged in count two; and retaliation against a witness, 18 U.S.C. § 1513(b)(2), as charged in count three. At sentencing, Judge Dorsey found by a preponderance of the evidence that the drug conspiracy involved more than 500 grams of cocaine, raising

---

[1]The § 2255 motion was assigned case number 01-CV-1893, but all filings have been docketed in case number 96-CR-185.

1

the maximum allowable sentence on count one from 20 to 40 years. See 21 U.S.C. § 841(b)(1)(B). Pappas was sentenced to concurrent terms of imprisonment of 30 years on count one, 5 years on count two, and 10 years on count three. The judgment was affirmed on direct appeal. See United States v. Lauria, 199 F.3d 1324 (2d Cir. 1999) (unpublished).

Pappas moved to vacate or correct his sentence under 28 U.S.C. § 2255. In relevant part, his motion was based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[2] On December 13, 2006, Judge Dorsey denied the motion. See Lauria v. United States, 3:96-CR-185/3:01-CV-1893(PCD), 2006 WL 3704282 (D. Conn., Dec. 13, 2006) [ECF No. 411]. Judge Dorsey ruled that Pappas's sentence did not violate Apprendi, notwithstanding the lack of a jury determination of drug quantity, because the government had filed a prior offender notice under 21 U.S.C. § 851, which provided another independent basis for increasing the statutory maximum sentence. See Lauria, 2006 WL 3704282, at *21. The § 851 notice had been stricken

---

[2] Though Apprendi does not apply retroactively on collateral review, see Coleman v. United States, 329 F.3d 77, 92 (2d Cir. 2003), Judge Dorsey construed Pappas's petition as an ineffective assistance of counsel claim against Pappas's appellate lawyer, who failed to raise the Apprendi issue when the opportunity was presented on direct review. See Lauria, 2006 WL 3704282, at *18.

2

prior to trial under United States v. Collado, 106 F.3d 1097 (2d Cir. 1997), but that case had been overturned in the interim, see United States v. Ortiz, 143 F.3d 728 (2d Cir. 1998). Judge Dorsey reasoned that "even if the original sentence were vacated, the original 851 notice would pertain, or the government would be able to re-file the notice." Lauria, 2006 WL 3704282, at *21 n.15.

Pappas moved for reconsideration on the ground that the Court's reasoning regarding the § 851 notice was incorrect. See Pappas's Feb. 15, 2007, Supp. Brief, at 33-38 [ECF No. 424]. Judge Dorsey denied the motion stating that Pappas merely "raise[d] arguments that ha[d] already been rejected and criticize[d] the Court for failing to address certain arguments." See Lauria v. United States, 3:96-CR-185/3:01-CV-1893(PCD), 2007 WL 1064319, at *6 (D. Conn., Apr. 5, 2007) [ECF No. 423]. In a filing submitted prior to the December 13, 2006 order, in response to an argument by the government regarding the § 851 notice, see Gov't Aug. 30, 2004, Response, at 30 [ECF No. 384], Pappas had argued that it would be improper to assume the government could or would have re-filed the § 851 notice. See Pappas's Nov. 30, 2004, Supp. Brief, at 45-46 [ECF No. 400]. In addition, he had argued that the government's reasoning, ultimately adopted by the Court, failed to consider that he could have challenged his prior offender status under 21 U.S.C. §

3

851(c), which provides a right to a hearing if a defendant "denies any allegation of the information of prior conviction" or "claims that any conviction alleged is invalid."

Judge Dorsey issued a certificate of appealability that did not limit Pappas's potential claims on appeal. Id. at *7. On appeal, the Second Circuit affirmed Judge Dorsey's order "substantially for the reasons stated in the . . . thorough and careful ruling" of December 13, 2006. Pappas v. United States, 362 F. App'x 175, 177 (2d Cir. 2010). In his briefing before the Second Circuit, Pappas had again challenged Judge Dorsey's reasoning regarding the stricken § 851 notice. See Pappas's Brief, at 158-62, Pappas v. United States, No. 07-481, 362 F. App'x 175 (2d Cir. 2010). His brief argued that had the § 851 notice been re-filed, he would have been "entitled to all of the procedural and constitutional safeguards built in to § 851." Id. at 161.

On July 7, 2017, this Court denied Pappas's Rule 60(b) motion seeking relief from the December 13, 2006 order. See ECF No. 606. In his Rule 60(b) motion, Pappas had argued that his right to due process was violated when Judge Dorsey invoked the § 851 notice as a basis for the enhanced sentence without first giving him an opportunity to be heard on whether the government could rely on the notice. See ECF No. 557, at 2-10. I ruled that Pappas's due process claim was foreclosed by the Second

4

Circuit's affirmance of the December 13, 2006 order. Pappas then filed the present motion for reconsideration.

II. Legal Standard

The standard for granting a motion for reconsideration is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. Such a motion "cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007).

III. Discussion

Pappas argues that the Second Circuit's affirmance of Judge Dorsey's order does not foreclose his due process claim. But the

5

certificate of appealability issued by Judge Dorsey did not prohibit Pappas from making any arguments, and Pappas did in fact argue before the Second Circuit that Judge Dorsey's treatment of the § 851 notice was improper.  Though Pappas did not cite the due process clause, he made essentially the same argument he makes here: that had the government re-filed a § 851 notice, he would have been entitled to challenge his prior offender status at a hearing.  In his Second Circuit brief, he based his claim on the "procedural and constitutional safeguards built in to § 851"; now he specifically refers to the due process clause.  In ruling against Pappas's claim based on "procedural and constitutional safeguards," the Second Circuit implicitly rejected the due process argument.

If Pappas's due process claim as currently formulated was not presented to the Second Circuit, the claim has been waived. "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand and an appellate court in a subsequent appeal from reopening such issues unless the mandate can reasonably be understood as permitting it to do so." United States v. Quintieri, 306 F.3d 1217, 1229 (2d Cir. 2002) (quotations omitted).  The mandate cannot reasonably be understood to permit this Court to reconsider the propriety of Judge Dorsey's reliance on § 851.

See Pappas, 362 F. App'x at 177 ("We have considered all of petitioners' arguments and find them to be without merit.").[3]

IV. Certificate of Appealability

In a proceeding under § 2255, a certificate of appealability may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Under this standard, a certificate of appealability will not issue unless jurists of reason could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The propriety of enhancing Pappas's sentence without holding a hearing under § 851(c) may be debatable. But I do not think it is debatable that the law of the case requires me to deny his Rule 60(b) motion. Thus, a certificate of appealability will not issue.

V. Conclusion

Pappas's motion for reconsideration and his request for a certificate of appealability are hereby denied.

So ordered this 27th day of December 2017.

                                                  /s/
                                    Robert N. Chatigny
                          United States District Judge

---

[3] Because Pappas's claim is procedurally barred or defaulted, I do not address the government's alternative argument that any error on Judge Dorsey's part was harmless because Pappas could have been given consecutive rather than concurrent sentences.

7