UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

GORDON LAURIA

:
:
:
:
:
:
:
:

Case No. 3:96-CR-185
3:01-CV-1894

RULING AND ORDER

Gordon Lauria has moved under Federal Rule of Civil

Procedure 60(b) to reopen this habeas case, which seeks relief

from a 35-year sentence imposed by Judge Dorsey in 1998.  The

government opposes the motion on the grounds that it constitutes

a second or successive motion for which authorization has not

been obtained from the Court of Appeals, as required by 28 U.S.C.

§ 2255(h), and fails to satisfy the requirements for obtaining

relief under Rule 60(b).  For reasons set forth below, the motion

is denied and no certificate of appealability will be issued.

I.  Background

Following a lengthy jury trial before Judge Dorsey in 1997,

Lauria was convicted of conspiracy to possess cocaine with intent

to distribute, 21 U.S.C. § 846, as charged in count one of the

indictment; conspiracy to retaliate against a witness, 18 U.S.C.

§§ 371, 1512(b), as charged in count two; and retaliation against

a witness, 18 U.S.C. § 1513(b)(2), as charged in counts three and

four.  As was customary at the time, there were no allegations in

the indictment or findings by the jury regarding the quantities

1

of drugs involved in the conspiracy.  Rather, drug quantity was
treated as a sentencing factor to be determined by the judge.
As the judge entrusted with this responsibility in Lauria's case,
Judge Dorsey found that the conspiracy involved 610.5 grams of
cocaine base and 56.25 kilograms of powder cocaine.  Under the
then-current version of the Sentencing Guidelines, these
quantities resulted in a base offense level of 36.  After a 4-
level increase for Lauria's role in the drug conspiracy and a 2-
level increase for his obstruction of justice, the total offense
level was 42.  Because Lauria had previously been convicted of
state and federal drug felonies, he was found to be a career
offender, which increased his criminal history category from V to
VI.  The resulting guideline range was 30 years to life.  The
government argued that under the enhanced penalty provisions of
21 U.S.C. § 841(b)(1)(A), Lauria's conviction on count one
exposed him to a mandatory minimum sentence of 20 years and a
maximum possible sentence of as much as life, the enhanced
penalties applicable to a repeat drug offender in a case
involving 5 kilograms or more of cocaine powder and 50 grams or
more of cocaine base.  Without an enhancement for drug quantity,
the maximum sentence that could be imposed on count one was 30
years.  Lauria was sentenced to 35 years on count one with
shorter terms on the other counts, all to run concurrently.  The
Second Circuit affirmed the judgment.  See United States v.

Lauria, 199 F.3d 1324 (2d Cir. 1999) (unpublished) [ECF No. 290].

In October 2001, Lauria filed a § 2255 petition seeking to vacate his convictions and sentence on numerous grounds. As construed by Judge Dorsey, the petition included a claim that the sentence on count one violated Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Judge Dorsey understood Lauria to be arguing that enhancing his sentence in the absence of a jury finding of the requisite drug quantity constituted plain error that should be corrected by resentencing him on count one to a term of imprisonment not exceeding 30 years. The government argued that Lauria was not entitled to resentencing, relying principally on United States v. Cotton, 535 U.S. 625, 633 (2002), which held that a violation of Apprendi does not constitute reversible plain error when the evidence of the drug quantity used to enhance the defendant's sentence was "overwhelming" and "essentially uncontroverted." The government also argued that even if the sentence on count one should not have exceeded 30 years, any error was harmless because the sentences on all the counts could be stacked pursuant to U.S.S.G. § 5G1.2(d) to achieve the same sentence of 35 years.

On December 13, 2006, Lauria's petition was granted in part

and denied in part ("the 2006 Ruling"). See Lauria v. United States, 3:96-CR-185/3:01-CV-1894(PCD), 2006 WL 3704282 (D. Conn. Dec. 13, 2006) [ECF No. 411]. Judge Dorsey ruled that, in the absence of a jury finding regarding drug quantity, the sentence of 35 years on count one constituted plain error requiring resentencing. Lauria, 2006 WL 3704282, at *20. Judge Dorsey stated that the government's reliance on Cotton was unavailing for two reasons: it was up to the Court of Appeals, not the District Court, to determine whether the Apprendi error should be noticed; and the Second Circuit had granted relief to correct a similar error in United States v. Thomas, 274 F.3d 655 (2d Cir. 2001). Judge Dorsey concluded that Lauria was entitled to be resentenced on count one to not more than 30 years. Judge Dorsey did not mention the government's argument about stacking.

Lauria appealed and filed a motion for reconsideration arguing that his convictions should be vacated. The government moved for reconsideration of the decision granting resentencing. In its motion, the government argued that the Court had erred in failing to follow Cotton because the evidence of drug quantity was overwhelming and essentially uncontroverted. The government also argued that the Court had erred in failing to consider that any error in the sentence on count one was harmless in view of the availability of stacking. Lauria did not respond to the government's arguments.

In April 2007, the government's motion for reconsideration was granted and Lauria's motion was denied ("the 2007 Ruling"). Lauria v. United States, 3:96-CR-185/3:01-CV-1894(PCD), 2007 WL 1064319 (D. Conn. Apr. 5, 2007) [ECF No. 423]. In granting the government's motion, Judge Dorsey agreed that Cotton applied because "the evidence of drug quantity adduced at trial was 'overwhelming' and 'uncontroverted.'" Id. at *6. Judge Dorsey also agreed with the government that any error was harmless because the sentences on all the counts could be stacked to achieve a sentence of 35 years, the sentence he had found to be "appropriate" for Lauria. Id. Judge Dorsey granted Lauria's request for a certificate of appealability, which did not limit the potential claims on appeal. Id. at *7.

The Second Circuit affirmed the 2006 Ruling "except to the extent that it was rendered moot" by the 2007 Ruling. Pappas v. United States, 362 F. App'x 175, 177 (2d Cir. 2010). The Second Circuit did not address any challenge by Lauria to the 2007 Ruling because he had failed to file a notice of appeal from that ruling. Id. at 176-77.

In January 2013, Lauria moved for reconsideration of the 2006 Ruling based on an alleged error related to the closing of the courtroom to the public during jury selection. Judge Martinez recommended that the motion be denied and her recommendation was adopted. Lauria appealed. In November 2014,

the Second Circuit dismissed the appeal, noting that "[t]he motions before the district court were, in effect, second or successive 28 U.S.C. § 2255 motions filed without the required authorization."  ECF No. 533 (citing 28 U.S.C. § 2255(h); Gonzalez v. Crosby, 545 U.S. 524, 531 (2005)).

Lauria subsequently moved for relief from the 2007 Ruling under Federal Rule of Civil Procedure 60(b), arguing that he did not have an adequate opportunity to oppose the government's motion for reconsideration.  The motion was denied and Lauria appealed requesting leave to file a successive § 2255 petition. In September 2016, the Second Circuit denied the motion because Lauria had not satisfied the criteria set forth in 28 U.S.C. § 2255(h).  ECF No. 572.

In November 2016, Lauria moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to an amendment to the Sentencing Guidelines.  The Probation Office and the government each responded that because the amendment did not lower Lauria's guideline range, he was not eligible for a reduction.  Both the Probation Office and the government cited Judge Dorsey's finding that the conspiracy charged in count one involved 56.25 kilograms of powder cocaine.  Lauria's motion was denied and he appealed. In October 2017, the Second Circuit dismissed the appeal as "lack[ing] an arguable basis either in law or in fact."  ECF No. 615 at 1 (citations omitted).

Lauria now moves again for relief from the 2007 Ruling under Rule 60(b)(4) and (6).

II. Standard of Review

Rule 60(b) allows a court to grant relief "from a final judgment, order, or proceeding" for certain reasons, including that the judgment is void or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Regarding Rule 60(b)(4), the Supreme Court has clarified that "[a] void judgment is a legal nullity[,] . . . . so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short . . . ." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations omitted). One such "infirmity" arises "where a judgment is premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted). With regard to Rule 60(b)(6), the Court has stated that relief "is available only in 'extraordinary circumstances.'" Buck v. Davis, 137 S. Ct. 759, 777 (2017) (quoting Gonzalez, 545 U.S. at 535).

III. Discussion

Lauria states that the issues presented by his Rule 60(b) motion are confined to the following two alleged defects in the integrity of his § 2255 proceeding: (1) the government's inconsistent positions with regard to drug quantity; and (2)

Judge Dorsey's mandatory application of the Sentencing Guidelines in support of the 2007 Ruling without first giving Lauria notice or an opportunity to be heard. ECF No. 640 at 4. Neither alleged defect provides a basis for relief.

A. Drug Quantity

Lauria asserts that the government "persuaded" the Court to rely on a different drug quantity in the 2007 Ruling than the one used in the 1998 sentencing, the 2006 Ruling, and the 2017 ruling denying his motion for a sentence reduction. He asks the Court to void the 2007 Ruling and reinstate the 2006 Ruling insofar as it granted him resentencing on count one subject to a maximum sentence of 30 years. See ECF No. 631 at 26.

The government objects that Lauria is using the present Rule 60(b) motion to once again challenge the constitutionality of the underlying 35-year sentence without obtaining the requisite certification from the Court of Appeals under § 2255(h). To the extent the motion seeks resentencing based on the asserted invalidity of the original sentence, the government's objection has merit.[1] However, rather than transfer the motion to the

_____

[1] In some cases, a court must construe a Rule 60(b) motion as a second or successive habeas petition subject to the additional restrictions set forth in 28 U.S.C. § 2255(h). Harris v. United States, 367 F.3d 74, 79 (2d Cir. 2004); see Gonzalez, 545 U.S. at 535 (addressing 28 U.S.C. § 2254); ECF No. 533 (Second Circuit mandate dismissing a previous appeal by Lauria as a successive habeas petition, citing 28 U.S.C. § 2255(h) and Gonzalez). "[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion

8

Court of Appeals for possible certification, as the government

has suggested, it makes more sense in this case to consider

whether the motion provides a basis for relief under Rule 60(b).

See Harris, 367 F.3d at 82.

Lauria's claim that the government has changed its position

regarding drug quantity to his detriment finds no support in the

record.  Lauria asserts incorrectly that "the government

persuaded Judge Dorsey to find that 3.5 kilograms of cocaine was

the drug quantity he should find."  ECF No. 631 at 8 (discussing

the 2007 Ruling).  Lauria also states, again incorrectly, that

"the 2007 ruling is based on at least 500 grams but less than 5

kilograms of cocaine being the new basis for Lauria's sentence."

ECF No. 640 at 3.

Review of the record confirms that there has been no change

of position by the government or the Court with regard to the

drug quantity for which Lauria is accountable in this case.  At

the 1998 sentencing, Judge Dorsey found that the conspiracy

involved more than fifty kilograms of powder cocaine.  Lauria,

---

attacks the integrity of the previous habeas proceeding rather
than the underlying criminal conviction."  Harris, 367 F.3d at
77; see also Gonzalez, 545 U.S. at 532 (holding that a Rule 60(b)
motion can be treated as such when it "attacks, not the substance
of the federal court's resolution of a claim on the merits, but
some defect in the integrity of the federal habeas proceedings").
"A motion that seeks to add a new ground for relief . . . will of
course qualify" as a successive habeas petition, as will a motion
which "attacks the federal court's previous resolution of a claim
on the merits."  Gonzalez, 545 U.S. at 532 (footnote marker
omitted).

2007 WL 1064319, at *5.  Judge Dorsey was not asked to, nor did

he, alter that finding in the 2006 Ruling or any other time.

Lauria agrees that the 2006 Ruling "was consistent with the

Court's view of the evidence at sentencing in 1998."  ECF No. 631

at 20.  In the 2007 Ruling, Judge Dorsey adopted the government's

position that resentencing was unnecessary because, as in Cotton,

the drug quantity used to enhance Lauria's sentence was supported

by overwhelming evidence.  In doing so, Judge Dorsey expressly

relied on his 1998 finding that the case involves more than fifty

kilograms of powder cocaine.  Lauria, 2007 WL 1064319, at *5.

Lauria's subsequent motion for a sentence reduction was opposed

by the government, and denied by the Court, on the basis of the

same drug quantity that Judge Dorsey found in 1998 and relied on

in 2007.  See Gov. Response, ECF No. 588, at 5 (discussing the

Court's finding at sentencing that the offense involved "56.25

kilograms of powder cocaine").

Given this history, Lauria's argument regarding drug

quantity fails to demonstrate either a "legal nullity" such that

the prior judgment is void under Rule 60(b)(4), or "extraordinary

circumstances" justifying relief under Rule 60(b)(6).

B. Due Process

Lauria's claim that the 2007 Ruling was issued in violation

of his right to due process also fails to provide a basis for

relief under Rule 60(b).  As mentioned above, Lauria previously

10

challenged the 2007 Ruling on this ground and his claim was rejected on the merits. The present motion provides no factual or legal basis for reconsidering the prior ruling. Even so, I have reviewed Lauria's submissions in connection with the current motion to see whether he has identified a potential basis for relief.

Liberally construed, Lauria's current argument appears to be that as a matter of fundamental fairness, Judge Dorsey should have notified him that the government's arguments on reconsideration appeared to have merit then held a hearing at which Lauria could be heard on those arguments prior to any final decision. Even assuming such a hearing would have been preferable to proceeding on the papers, Lauria has not made a substantial showing that his right to due process was violated. The record establishes that Lauria had actual notice of the government's arguments and there is no allegation or evidence that his ability to respond in writing was impeded or impaired. It appears Lauria simply assumed that Judge Dorsey would reject the government's arguments on reconsideration as he had before. That mistake was unfortunate, as was Lauria's failure to file a notice of appeal from the 2007 Ruling.

I have considered whether Lauria could have persuaded Judge Dorsey to reject the government's arguments if a hearing had been held in 2007. There is no question that Judge Dorsey continued

11

to believe that the drug quantity finding of 56.25 kilograms of cocaine powder was amply supported by the evidence. Judge Dorsey arrived at that finding after presiding at the lengthy trial. There is no reason to think that if a hearing had been held in 2007, Lauria could have persuaded the judge that the drug quantity finding was not well-supported.

The 2007 Ruling also establishes that Judge Dorsey continued to regard a 35-year sentence as appropriate for Lauria. An opportunity to argue for a lesser sentence was available to Lauria in the first instance. At that time, Judge Dorsey decided that a sentence above the bottom of the guideline range was necessary. There is no reason to think that if a hearing had been held in 2007, Lauria could have persuaded Judge Dorsey that the sentence was too high.

IV. Certificate of Appealability

Lauria requests that the Court continue the certificate of appealability Judge Dorsey granted in connection with the 2007 Ruling ("2007 COA"). Lauria, 2007 WL 1064319, at *7. He also appears to challenge this Court's previous denial of a request to continue the 2007 COA. ECF No. 631 at 7.

A certificate of appealability may issue only if the applicant has made a substantial showing of a denial of a constitutional right and the judge includes in the certificate a statement describing the issue that warrants review on appeal.

See 28 U.S.C. § 2253(c)(2)-(3).  Under this standard, the applicant must show that reasonable jurists would regard the district court's assessment of the issue as debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Lauria has not made this showing with regard to any issue presented by the current motion.

V. Conclusion

Accordingly, Lauria's Rule 60(b) motion and his request for a certificate of appealability are hereby denied.

So ordered this 21st day of December 2018.


_____/s/ RNC_____
Robert N. Chatigny
United States District Judge